UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERNANDO P. RAZON and MINERVA O. RAZON,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BANK OF AMERICA, a National Association; REGIONAL TRUSTEE SERVICES CORPORATION, a Business Entity, form unknown; PRLAP, INC., a Business Entity, and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No.: 10-CV-05854-LHK<br><br>ORDER DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND IN PART |

Defendants Bank of America, N.A. and PRLAP, Inc. move pursuant to Rule 12(b)(6) to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted. Defendant Regional Trustee Services Corporation has joined in the motion, and Plaintiffs, proceeding *pro se*, have timely opposed. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument and vacates the motion hearing and case management conference scheduled for April 14, 2011. Because Plaintiffs have not stated a federal claim under the Truth in Lending Act ("TILA") or the Real Estate Settlement Procedures Act ("RESPA"), the Court dismisses these claims with leave to amend in part. If Plaintiffs cannot remedy the deficiencies in these federal claims, the Court will decline to assert jurisdiction over the remaining state-law claims, and will remand this case to state court.

1

Case No.: 10-CV-05854-LHK
DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND IN PART

## I. Background

On March 16, 2007, Plaintiffs Fernando and Minerva Razon entered into a loan repayment and security agreement with Defendant Bank of America. Compl. ¶ 2. Under the terms of the agreement, Plaintiffs obtained a loan in the amount of $355,978.00, secured by real property located at 5456 Don Correlli Way, San Jose, CA 95123. Compl. ¶¶ 1-2. Plaintiffs allege that Defendant PRLAP was the original trustee and that Defendant Regional Trustee Services Corporation subsequently acted as trustee, allegedly without proper authorization. Compl. ¶¶ 4-5. It appears that at some point Plaintiffs may have defaulted on the loan, and, as a result, non-judicial foreclosure proceedings were initiated. A Notice of Default was recorded on January 30, 2009, followed by a Notice of Default and Election to Sell under Deed of Trust, recorded on April 15, 2009.[1] Defs.' Req. for Judicial Notice ("RJN") Ex. B-C, ECF No. 5-1. A trustee's sale was scheduled to take place on November 2, 2009. RJN Ex. D. However, the Notice of Default and Election to Sell under Deed of Trust was rescinded on November 1, 2010, RJN Ex. F, and there is no indication that the trustee's sale ever took place. Defendants state that Plaintiffs are not currently in default. Mot. to Dismiss at 1, ECF No. 5.

On October 27, 2010, Plaintiffs filed a complaint in the Santa Clara County Superior Court alleging twenty-one causes of action. Of these, only two appear to be federal claims: the fifth cause of action for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the sixth cause of action for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*[2] Defendants Bank of America and PRLAP removed this action to federal

---

[1] As discussed below, the deed of trust and notices submitted by Defendants are matters of public record and properly subject to judicial notice on a motion to dismiss.

[2] A number of Plaintiffs' state-law claims allege TILA or RESPA violations as one of several bases for the state-law claim. For instance, Plaintiffs' twentieth cause of action alleges wrongful foreclosure under California Civil Code §§ 2923.5 and 2924 on grounds that violations of California Civil Code § 2923.5, TILA, HOEPA, and Regulation Z rendered Defendants' foreclosure proceedings null and void. Compl. ¶ 159. Plaintiffs' first, eleventh, thirteenth, fourteenth, and twenty-first causes of action similarly rely partly on TILA and RESPA violations to establish a claim under state law. Because the Court finds Plaintiffs' TILA and RESPA claims insufficient, Plaintiffs cannot rely on TILA and RESPA violations, as currently pled, as the basis for any of their state-law claims. However, as these claims also assert separate state-law grounds for relief, the Court does not reach the merits of these claims at this time.

2

Case No.: 10-CV-05854-LHK
DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND IN PART

court on December 22, 2010, on the basis of federal question jurisdiction. Notice of Removal ¶ 5, ECF No. 1. Bank of America and PRLAP subsequently filed a motion to dismiss Plaintiffs' Complaint, in which Regional Trustee Services Corporation has joined. Plaintiffs oppose the motion and request leave to amend should the Court find it appropriate to dismiss any portion of the Complaint.

## II. Legal standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If amendment would be futile, however, a dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III. Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250

3

F.3d 668, 688 (9th Cir. 2001). However, a court may consider matters of public record outside the pleadings that are properly subject to judicial notice. *Id.* at 689. Here, Defendants request that the Court take judicial notice of the following documents, each of which is publicly recorded in the Santa Clara County Recorder's Office: (1) the Deed of Trust, dated March 16, 2007, in the amount of $355,958; (2) a Notice of Default dated January 30, 2009; (3) a Notice of Default and Election to Sell under Deed of Trust dated April 15, 2009; (4) a Notice of Trustee's Sale dated October 19, 2009; (5) a Substitution of Trustee and Full Reconveyance dated March 8, 2007; and (6) a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust dated December 6, 2010. RJN at 1-2.

Plaintiffs oppose the Request for Judicial Notice on grounds that the documents submitted to do not satisfy Federal Rule of Evidence 201. Under Rule 201, a court make take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is well-established that recorded deeds and notices of the type submitted Defendants are public records properly subject to judicial notice under Rule 201. *See, e.g.*, *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1020 n.1 (N.D. Cal. 2010) (taking judicial notice of deeds and notices recorded in the San Francisco County Recorder's Office); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 959 (N.D. Cal. 2010) (taking judicial notice of deeds, assignments, and notices recorded with the San Mateo County Recorder's Office). Plaintiffs do not dispute the accuracy of the documents submitted by Defendants, nor do they identify any specific basis for their opposition. Accordingly, the Court GRANTS Defendants' request for judicial notice.

**IV. Discussion**

Defendants move to dismiss all twenty-one causes of action in Plaintiffs' Complaint. The vast majority of these claims assert violations of state law, rather than federal law. The Court agrees with Defendants that Plaintiffs' federal claims, as currently pled, are insufficient to state a claim for relief. In the absence of viable claims for relief under federal law, the Court is not inclined to exercise supplemental jurisdiction over the remaining state law claims. *See Carlsbad*

4

*Tech., Inc. v. HIF BIO, Inc.*, 129 S.Ct. 1862, 1866-67 (2009); 28 U.S.C. § 1367(c). Accordingly, the Court will address only the federal causes of action asserted under TILA and RESPA at this time.

### A. Fifth Cause of Action for TILA Violations

Plaintiffs' fifth cause of action alleges that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, by failing to provide required notices and disclosures. Compl. ¶¶ 72-73. Plaintiffs' TILA allegations are, for the most part, generalized and conclusory, and at times Plaintiffs' claims appear to be self-contradictory.[3] *See* Compl. ¶ 73 (describing Defendants' alleged failure to provide documents "such as but not limited to" a list of disclosures required by TILA and RESPA); *id.* (stating that overstating or understating the finance charge triggers the right to rescind, without specifying whether the finance charge was over- or understated in this instance). Nonetheless, Plaintiffs appear to base their TILA claim on allegations that Defendants failed to provide Plaintiffs with a complete loan document package and left out important disclosures. Compl. ¶¶ 72 -74, 78. Plaintiffs argue that these violations entitle them to both damages and rescission of the loan. Compl. ¶¶ 76, 79. Defendants argue that Plaintiffs' TILA claim must be dismissed because it is barred by the applicable statute of limitations.

### 1. TILA Damages Claim

TILA provides a one-year statute of limitations for damages claims. 15 U.S.C. § 1640(e). As a general rule, TILA's statute of limitations runs from the date of the consummation of the credit transaction at issue. *King v. Caifornia*, 784 F.2d 910, 915 (9th Cir. 1986). In this case, consummation occurred on March 16, 2007, when Plaintiffs entered into the loan agreement, Compl. ¶ 2, and the statute of limitations expired on March 16, 2008, approximately two years and

---

[3] For instance, Plaintiffs allege that Defendants failed to provide them with important disclosures documents "such as but not limited to the Good Faith Estimate, Truth-in-Lending, Serving Transfer, Adjustable Rate Booklet, Right to Copy of Appraisal, and the Federal Equal Opportunity disclosure." Compl. ¶ 73. This suggests that Plaintiffs were never provided a Truth-in-Lending Disclosure Statement. Yet the Complaint also states that an unidentified "Loan Auditor Examiner" was unable to verify the accuracy of the Truth-in-Lending Statement because Plaintiffs did not provide a Final Settlement for forensic examination. *Id.* This suggests, in contrast, that Plaintiffs did receive a Truth-in-Lending Statement, but either never received or simply failed to provide the Examiner with a Final Settlement document. It is therefore quite difficult to ascertain what documents or disclosures Plaintiffs believe the Defendants failed to provide.

seven months before Plaintiffs filed the instant action. Accordingly, unless equitable tolling applies to suspend the statute of limitations, Plaintiffs' TILA claims are time-barred.

The Ninth Circuit has held that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. In the Complaint, Plaintiffs allege that the statute of limitation was tolled "due to Defendants' failure to effectively provide the required disclosures and notices." Compl. ¶ 73. More specifically, Plaintiffs state:

> Plaintiffs are laypeople, and don't have a good command of the English language (Tagalog are their native language, not English). As a low level English speaking, laypeople, the standard of care are a low one. All Plaintiffs could do under these circumstances to satisfy the due diligence requirement of Equitable Tolling is to call the Bank and ask them exactly how their loan functions and adjusts. The representative at BOA painted a very rosy picture for Plaintiffs, and convinced them that they were more than able to afford the home they were applying for.

Compl. ¶ 73. In their opposition brief, Plaintiffs also allege that they were never given a copy of the loan documents in their native language of Tagalog, and that no one explained the loan documents to them in Tagalog. Pls.' Opp'n to Mot. to Dismiss Compl. ("Opp'n") at 13, ECF No. 15.

Equitable tolling applies in cases where, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). In a recent case in this District, Judge Breyer considered allegations virtually identical to those presented here. *See Cabrera v. Long Beach Mortg.*, No. C 10–03143 CRB, 2011 WL 1113467, at *2-3 (N.D. Cal. Mar. 25, 2011). There, as here, the plaintiff claimed to be a native Tagalog speaker and layperson, with little command of the English language and no ability to perform due diligence beyond calling the bank to ask exactly how his loan functioned and adjusted. *Id.* at *2. Judge Breyer found that such allegations, taken as true, were insufficient to toll the statute of limitations. *Id.* at *3. Similarly, in *Gomez v. Wachovia Mortgage Corporation*, Judge Armstrong found that a bank's failure to provide loan documents in the plaintiff's native language did not trigger equitable tolling: "Even construing the alleged facts in the light most favorable to Plaintiff, Plaintiff did not allege, or imply, any facts or circumstances

6

that served to prevent her—in the exercise of all due diligence—from having the documents translated into Spanish or having a third party review the documents for her." No. CV-09-02111 SBA, WL 291817, at *4 (N.D. Cal. Jan. 19, 2010). Here, as in *Gomez* and *Cabrera*, Plaintiffs have not alleged any facts or circumstances that prevented them from obtaining language assistance or otherwise discovering the alleged TILA violations in the more than three-and-a-half years between the loan origination and the filing of this law suit.[4] Accordingly, Plaintiffs' TILA damages claim must be dismissed as time-barred. However, because Plaintiffs may be able to allege additional facts to support equitable tolling, Plaintiffs are granted leave to amend this claim.

### 2. TILA Claim for Rescission

As Plaintiffs state in their Complaint, if required notices or material disclosures are not delivered, a borrower's right to rescind under TILA expires three years after consummation of the loan. Compl. ¶ 79; 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). TILA imposes an absolute limitation on rescission actions that bars any claims filed more than three years after the consummation of the transaction. *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). Section 1635(f) is considered a "statute of repose" that "depriv[es] the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Id.* In this case, Plaintiffs' loan was consummated on March 16, 2007, and the three-year limitation period expired on March 16, 2010, approximately seven months before Plaintiffs filed their Complaint in state court. Because Plaintiffs did not attempt to rescind within the three-year limitations period, their right to rescind expired, and this Court lacks jurisdiction over their TILA

---

[4] Plaintiffs cite to *Gonzalez v. Ameriquest Mortgage Co.*, No. C 03-00405, 2004 WL 2472249 (N.D. Cal. Mar. 1, 2004), to support their claim that equitable tolling should apply. However, other courts addressing claims virtually identical to Plaintiffs' have found *Gonazalez* to be distinguishable. *See Pineda v. Washington Mut. Bank, FA*, No. C 10-02494 CRB, 2011 WL 249486, at *4 (N.D. Cal. Jan. 25, 2011). In *Gonzalez*, the plaintiff alleged that the defendants knew she could only speak Spanish and conducted all interactions with her in Spanish, but then provided the loan documents only in English. *Gonzalez*, 2004 WL 2472249, at *1. When the plaintiff attempted to obtain copies of the loan documents, the defendants demanded that she pay for them. *Id.* After attempting due diligence in this manner, the plaintiff filed her complaint only *seven days* after the statute of limitations had run. *Id.* at *5; *see also Pineda*, 2011 WL 249486, at *4. Here, in contrast, there are no factual allegations that support tolling the statute of limitations for more than two-and-a-half years.

7
Case No.: 10-CV-05854-LHK
DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND IN PART

rescission claim. Accordingly, Plaintiffs' claim for rescission under TILA is dismissed with prejudice.

### B. RESPA Claim

Plaintiffs' sixth cause of action alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. Plaintiffs allege that Defendant Bank of America received unearned fees that were hidden from Plaintiffs in the form of a Yield Spread Premium. Compl. ¶¶ 84-87. It appears that the Yield Spread Premium was disclosed to Plaintiffs, but they were told that it was "a 'credit for closing costs' or other sort of bait and switch tactic." Compl. ¶ 85. Defendants argue that Plaintiffs' RESPA claim, like their TILA claim, is barred by the applicable statute of limitations.

RESPA claims alleging improper yield spread premiums are properly brought under 12 U.S.C. § 2607. *See Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). RESPA imposes a one-year statute of limitations for claims brought under § 2607. 12 U.S.C. § 2614. Accordingly, as with Plaintiffs' TILA damages claim, the statute of limitations for Plaintiffs' RESPA claim expired on March 16, 2008, approximately two years and seven months before Plaintiffs filed the instant action. Plaintiffs have not alleged that equitable tolling applies to this claim. Accordingly, Plaintiffs' RESPA claim must be dismissed as time-barred. However, because Plaintiffs may be able to allege facts to support equitable tolling, Plaintiffs are granted leave to amend this claim.

### V. Conclusion

For the foregoing reasons, the Court DISMISSES Plaintiffs' federal causes of action, with leave to amend in part. Specifically, the Court rules as follows:

(1) Plaintiffs' TILA damages claim is dismissed with leave to amend;

(2) Plaintiffs' TILA claim for rescission is dismissed with prejudice;

(3) Plaintiffs' RESPA claim is dismissed with leave to amend.

**Plaintiff shall file an amended complaint addressing the deficiencies identified herein within 30 days of the date of this Order**. Plaintiffs may not add new claims or parties without seeking the opposing parties' consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15.

8
Case No.: 10-CV-05854-LHK
DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND IN PART

1   The hearing and case management conference previously set for April 14, 2011 are hereby

2   VACATED.

3   As previously noted, the majority of Plaintiffs' claims assert violations of state law, rather
4   than federal law.  The Court finds that unless Plaintiffs can amend the complaint to state a viable
5   claim for violations of federal law, the Court is not inclined to exercise supplemental jurisdiction
6   over the remaining state law claims.  *See Carlsbad Tech.*, *Inc. v. HIF BIO*, *Inc.*, 129 S. Ct. 1862,
7   1866-67 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental
8   jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over
9   which it has original jurisdiction . . . .").  Accordingly, if Plaintiffs fail to amend the complaint to
10  state a federal claim (or if Plaintiffs fail to file an amended complaint within 30 days), the Court
11  will remand this matter to the Superior Court for Santa Clara County.

12  **IT IS SO ORDERED.**

14  Dated: April 8, 2011                                        _____
                                                                LUCY H. KOH
15                                                              United States District Judge

9
Case No.: 10-CV-05854-LHK
DISMISSING FEDERAL CLAIMS WITH LEAVE TO AMEND IN PART