IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERNANDO P. RAZON, et. al., | CASE NO. 5:10-cv-05854 EJD |
| Plaintiff(s), | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS; REMANDING ACTION TO STATE COURT** |
| v. | |
| BANK OF AMERICA, et. al., | |
| Defendant(s). | [Docket Item No(s). 23] |

Presently before the court is Defendant Bank of America's Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Fernando P. Razon and Minerva O. Razon ("Plaintiffs") after their original complaint was dismissed with leave to amend in part. See Docket Item No. 23. (see Docket Item No. 41). Defendant Regional Trustee Services Corporation joins in Bank of America's Motion to Dismiss. See Docket Item No. 25. Plaintiffs have not filed a written opposition to the motion, and the deadline to file such a pleading has expired.

As it currently stands, this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Having reviewed Bank of America's motion, the court finds it appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for December 2, 2011, is VACATED. Pursuant to the discussion which follows, the court will grant the motion to dismiss the federal claims without leave to amend, and this case will be remanded to state court for further proceedings.

1
CASE NO. 5:10-cv-05854 EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS; REMANDING ACTION TO STATE COURT

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs obtained a mortgage loan from Bank of America on or about March 16, 2007, which was secured by their real property in San Jose, California. See FAC, at ¶ 2. On October 27, 2010, Plaintiffs initiated an action concerning the loan in the Superior Court for the County of Santa Clara. It was removed to this court on December 22, 2010, and ultimately dismissed on April 8, 2011. In the ensuing order, the court (Judge Lucy H. Koh) dismissed with prejudice the claim for rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. See Docket Item No. 18. The TILA claim for damages and the claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. were dismissed with leave to amend. See id. The court also stated the following, in pertinent part:

> Plaintiff shall file an amended complaint addressing the deficiencies identified herein within 30 days of the date of this Order. Plaintiffs may not add new claims or parties without seeking the opposing parties' consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15....As previously noted, the majority of Plaintiffs' claims assert violations of state law, rather than federal law. The court finds that unless Plaintiffs can amend the complaint to state a viable claim for violations of federal law, the Court is not inclined to exercise supplemental jurisdiction over the remaining state law claims.

See id.

Plaintiffs filed the FAC on May 4, 2011. See Docket Item No. 20. Contrary to the court's express instruction in the dismissal order, Plaintiffs added two new causes of action - for elder abuse and intentional infliction of emotional distress - without obtaining leave of court or the agreement of defendants. Of the now 23 claims asserted, only two arise under federal law: a violation of TILA (Claim 5), and a violation of RESPA (Claim 6). The remaining claims assert violations of state law. Bank of America now move to dismiss the FAC.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. In deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, "material which is

2
CASE NO. 5:10-cv-05854 EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS; REMANDING ACTION TO STATE COURT

properly submitted as part of the complaint may be considered." Id.

The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. —, 129 S. Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). Even so, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (internal citations omitted); Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. A complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

If dismissal is granted, leave to amend should be freely allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Fed. R. Civ. P. 15(a). Where amendment to the complaint would be futile, the court may order dismissal with prejudice. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

#### A. TILA

Plaintiffs once again allege that all defendants violated TILA "by failing to provide [them] with accurate material disclosures." See FAC, at ¶ 75. The request for damages and rescission remain unchanged. See id., at ¶¶ 88, 89.

As with the prior version of the complaint, the allegations in the FAC raise timeliness as an issue. And since the rescission claim was previously dismissed with prejudice, the court is now only

3

CASE NO. 5:10-cv-05854 EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS; REMANDING ACTION TO STATE COURT

concerned with damages. Under TILA, a claim for damages must be brought within one year from the date of the signing of the loan documents. 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003).

Plaintiffs allege their loan closed on or about March 16, 2007. From this date, a timely claim for damages under TILA should have been filed on or before March 16, 2008. Plaintiffs did not commence this action until October 27, 2010 - over two years later. The request for damages, therefore, is presumptively time-barred absent allegations that support an equitable exception.

In the expanded FAC, Plaintiffs now claim they were "never given the tools necessary to take the care needed to discover the TILA violations contained in the loan documents" because they were never given "a complete loan package." See FAC, at ¶ 76. Plaintiffs further allege the loan representative "was more concerned with getting [them] in and out" in order to earn a commission, and that their "low level" of fluency in English prevented them from understanding the deficiencies in the loan documents. Id.

These allegations are insufficient. "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" O'Donnell v. Vencor, Inc., 465 F. 3d 1063, 1068 (9th Cir. 2006) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Plaintiffs have not alleged that any of the defendants prevented them from either discovering the shortcomings in the loan paperwork or taking legal action. The allegation that Plaintiffs did not receive "a complete loan package" and were never "given the tool necessary to take the care needed to discovery TILA violations" does not itself establish defendants' culpability under the equitable tolling doctrine. Ashton v. JPMorgan Chase Bank, N.A., No. 2:11-cv-06275-JHN-AJWx, 2011 WL 4352526, 2011 U.S. Dist. LEXIS 105502, at *6 (C.D. Cal. Sept. 19, 2011). To the contrary, the allegations demonstrate it was *Plaintiffs'* inattention which resulted in the untimely filing of this case since they admit a signing the loan documents without understanding them and thereafter neglected to diligently investigate. See FAC, at ¶ 76 ("Never were Plaintiffs even given the required

4
CASE NO. 5:10-cv-05854 EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS; REMANDING ACTION TO STATE COURT

documents so that they could conduct their own due diligence to find out what exactly this mortgage would cost and future ramifications....[T]here is only so much that Plaintiffs could have absorbed from the few minutes that the representative from [Bank of America] had him stare at Loan Documents and had him sign at different places. "). The deficiencies described in the FAC are so extreme that any person would have reason to question the loan process immmediately, and certainly well before Plaintiffs acted here.

Moreover, Plaintiffs' allegation of limited ability to communicate or read in English does not form a basis for equitable tolling. See Cervantes v. Countrywide Home Loans, Inc., No. 09-17364, 2011 U.S. App. LEXIS 18569, at *25 (9th Cir. 2011).

The motion to dismiss will be granted as the TILA claim for damages it is still time-barred. Since this is Plaintiffs' second unsuccessful attempt to plead a valid claim, such dismissal will be without leave to amend because the court finds allowing for further amendment would be futile.

**B.     RESPA**

Plaintiffs allege violations of RESPA in that Bank of America was paid "unearned fees...in the form of a Yield Spread Premium which increased the interest rate...resulting in [Bank of America] receiving a windfall of 'buy back fees' over the life of the loan." See FAC, at ¶ 97.

Plaintiffs have made little effort to amend the RESPA claim in the FAC. As a result, it is still time-barred by the statute of limitations as plead. See 12 U.S.C. § 2614; see also Patague v. Wells Fargo Bank, N.A., No. 10-03460, 2010 WL 4695480, 2010 U.S. Dist. LEXIS 124980, at *9-10 (N.D. Cal. Nov. 5, 2010) ("The statute of limitations for a RESPA claim is three years for violations of 12 U.S.C. § 2605 and one year for violations of § 2607 or 2608 'from the date of the occurrence of the violation[.]'"). Again, the loan transaction at issue took place on March 16, 2007. From that date, a timely claim under RESPA should have been filed on or before March 16, 2010. This case was not commenced until October 27, 2010, seven months after expiration of the limitations period.

Accordingly, the motion to dismiss the RESPA claim will be granted without leave to amend since, as with the TILA claim, allowing for further amendment would be futile.

5
CASE NO. 5:10-cv-05854 EJD
ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS; REMANDING ACTION TO STATE COURT

### C. Remaining State Law Claims

The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

"[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Id. However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Here, Plaintiffs' only federal claims arose under TILA and RESPA. Since those will now be dismissed with prejudice, only claims based in state law remain. As stated above, this court's predecessor previously stated it would remand the case to state court under these circumstances. This court finds such a result appropriate, and therefore declines to exercise supplemental jurisdiction over the remaining claims.

### IV. ORDER

Based on the foregoing, the hearing scheduled for December 2, 2011, is VACATED, and Bank of America's Motion to Dismiss (Docket Item No. 23) is GRANTED IN PART. Plaintiffs' claims under TILA and RESPA are DISMISSED WITHOUT LEAVE TO AMEND.

The court declines supplemental jurisdiction over the remaining state law claims and hereby REMANDS this action to the Superior Court of the State of California, County of Santa Clara.[1] The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: November 16, 2011

EDWARD J. DAVILA
United States District Judge

---

[1] The court did not consider the Request for Judicial Notice (Docket Item No. 24) in reaching this decision.